*630 Korsmo, J.
¶85 (dissenting in part) — The majority goes too far in creating new causes of action against the adjuster, York Risk Services Group Inc., under these facts and in unnecessarily conflicting with the decision in International Ultimate, Inc. v. St. Paul Fire & Marine Insurance Co., 122 Wn. App. 736, 87 P.3d 774 (2004) (IUI). Since plaintiffs often must choose between suing in tort or in contract under our independent duty doctrine, I do not think they can evade that stricture by suing the insurer in contract and the insurer’s agent in tort over the same contractual duty. An action under our Consumer Protection Act (CPA), ch. 19.86 RCW, is an adequate remedy here for York’s alleged misbehavior and would avoid blurring a line our court has long struggled to make clear.
¶86 The leading case is Eastwood v. Horse Harbor Foundation, Inc., 170 Wn.2d 380, 241 P.3d 1256 (2010). Recognizing that the question presented was how to determine when a plaintiff is limited to contract remedies and when tort remedies might be available, the court answered its own question:
An injury is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of the contract. The court determines whether there is an independent tort duty of care .... When no independent tort duty exists, tort does not provide a remedy.
Id. at 389 (emphasis added).[14]
¶87 Here, as the majority nicely demonstrates, the only duty imposed on York arose from its contractual obligation to fulfill American Guarantee’s obligations under the insurance policy. Absent that contract, there was no independent duty owed the plaintiffs by York. Accordingly, there is no basis for extending liability to the adjuster.
*631 ¶88 Similarly, Division One rejected the idea of independent tort liability for adjusters in IUI. 122 Wn. App. at 757-58. The court expressly recognized that any liability would have been based on contract. Id. The employees could not be sued separately from their employer. Id. at 758.[15]
¶89 While that explains the basis for my disagreement here, I do agree with the majority that the CPA analysis in IUI has been superseded by subsequent case law. For that reason, I would permit a CPA claim independent of the contract to proceed.
¶90 I respectfully dissent.
Review denied at 189 Wn.2d 1038 (2017).

 In Eastwood, the long recognized tort of waste was independently actionable despite the fact that the contract between the parties also required the defendant to maintain the property. 170 Wn.2d at 402 (lead opinion), 417-18 (Chambers, J., concurring).

 York’s actions could certainly be held against American Guarantee and support an action against the insurer. However, the claims between the plaintiffs and American Guarantee have been settled. Although all participants to an insurance claim have a duty to act in good faith, RCW 48.01.030, I do not think that statute creates a basis for relief against the adjuster where, as here, there is no other relationship between the plaintiffs and the adjuster except through the adjuster’s status as the insurance company’s agent. York acted as American Guarantee’s agent and any liability should belong to the principal, not the agent.